UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

FREDERICK LAMAR DIXON,

        Plaintiff,                       Case No. 1:14-cv-991

v.                                          Honorable Janet T. Neff

DAVID PRATT et al.,

        Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Pratt, Yoak and Zaborowski. The Court will serve the complaint against Defendant Snow, solely with respect to Plaintiff's retaliation claim.

**Discussion**

I.   Factual allegations

Plaintiff Frederick Lamar Dixon was incarcerated by the Michigan Department of Corrections (MDOC) at the West Shoreline Correctional Facility at the time that he filed this action.[1] He sues the following MDOC employees: Librarian (unknown) Yoak, Deputy David Pratt, Captain L. Snow, and Sergeant (unknown) Zaborowski.

First, Plaintiff claims that Defendants Yoak and Pratt denied him access to the courts because they refused to provide him with necessary legal copies and additional time in the law library in order to meet a court deadline. On May 13, 2013, he requested additional time from Defendant Yoak in order to meet a deadline for filing a motion for reconsideration and notice of appeal from the dismissal of an action seeking a writ of habeas corpus. She refused his request. Plaintiff pursued his request with Yoak's supervisor, Defendant Pratt. Defendant Pratt supported Yoak's decision.

According to the complaint and exhibits attached thereto, the habeas action was dismissed on May 21, 2013, but Plaintiff did not receive notice of the dismissal order until June 19, 2013 because it was sent to the wrong prison facility. Plaintiff explained these circumstances to the district court and requested an extension of time to file a notice of appeal. (*See* Ex. to Compl., Order Denying Request for Extension of Time to File a Notice of Appeal, docket #1-1, Page ID#9.) The district court acknowledged that Plaintiff would qualify for an extension of time under the applicable rules, but denied Plaintiff's request as moot because it had already rejected his request for a

---

[1] According to his MDOC profile, Plaintiff was released on parole on September 24, 2014, two days after the Court received his complaint. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=158463 (visited Nov. 13, 2014).

certificate of appealability. (*Id.* at Page ID#10.) The Sixth Circuit Court of Appeals subsequently rejected his appeal as untimely.

Next, Plaintiff asserts that on November 20, 2013, Defendant Zaborowski charged him with a misconduct for possession of funds received from an unauthorized source. Zaborowski claimed that Plaintiff had received $290.00 from Devonte Burton, a probationer, but according to MDOC Policy Directive 04.02.105, prisoners may not receive funds from an individual on probation who is not a member of the prisoner's family. (Ex. to Compl., Notice of Intent to Conduct an Admin. Hr'g, docket #1-1, Page ID#15.) Plaintiff alleges that Zaborowski made the charges knowing that they were "false." (Compl., docket #1, Page ID#5.)

Defendant Snow allegedly held a misconduct hearing and dismissed the charge. Then, on November 29, 2013, Defendant Snow held another hearing and found Plaintiff guilty of the charge. Snow sanctioned Plaintiff with 20 days of loss of privileges. Plaintiff appealed the conviction to Defendant Pratt, who upheld Snow's decision. Plaintiff subsequently appealed the conviction to the warden, who reversed the conviction. By that time, however, Plaintiff had already served his sanction. Plaintiff claims that Defendants' conduct deprived him of due process and subjected him to cruel and unusual punishment because he was not able to call his family and was deprived of other privileges available to other prisoners during that time period.

Finally, Plaintiff claims that Defendant Snow retaliated against him on December 11, 2013 by writing a "false" misconduct report charging Plaintiff with insolence. (Compl., docket #1, Page ID#6.) Snow claimed that Plaintiff was insolent for sending a letter to the warden that accused Snow of violating Plaintiff's civil rights and being racially biased.

As relief, Plaintiff seeks damages.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.  Access to the Courts

Plaintiff asserts that he was deprived of access to the courts when Defendants Yoak and Pratt would not give him additional library time or allow him to make copies as needed to file a motion for reconsideration and notice of appeal in May 2013. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

An inmate must make a specific claim that he was adversely affected or that pending or contemplated litigation was prejudiced. *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005); *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey*, 420 F.3d at 578 (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)).

Plaintiff asserts that Defendants' refusal to provide copies and/or additional library time on May 13, 2013 prevented him from meeting a court deadline; however, the deadline to which he refers did not exist when he made his request. The district court did not dismiss his action until May 21, 2013. (*See* Compl., docket #1, Page ID#5.) Plaintiff does not explain why he needed access to the library and/or copies of documents to file a motion for reconsideration or a notice of appeal at a time when there was no judgment from which to seek reconsideration and no appeal was necessary or even available to him.

Moreover, the complaint offers another explanation for Plaintiff's inability to file a timely appeal: he did not receive notice of the district court's order and judgment of dismissal until there were two only days remaining in the time period for filing a notice of appeal.[2] (*See* Compl., docket #1, Page ID#5; *see also* Order Denying Request for Extension of Time to File a Notice of Appeal, docket #1-1, Page ID#9.) Indeed, when he filed a late notice of appeal, he argued that it was late because of the delay in receipt of the order. (*See* Order Denying Request for Extension of Time

---

[2]According to the court's order denying an extension of time to file a notice of appeal, Plaintiff received notice of the dismissal of his action on June 22, 2013, rather than June 19, 2013. (*See* Order Denying Request for Extension of Time to File a Notice of Appeal, docket #1-1, Page ID#9.) The Court will accept Plaintiff's allegation in the complaint that he received notice of the order on June 19, 2013, but if he actually received it on June 22, 2013, then it would have been impossible for him to meet the June 21 deadline, through no fault of the Defendants.

to File a Notice of Appeal, docket #1-1, Page ID#9.)  Plaintiff does not allege that Defendants were responsible for that delay.  Nor does he allege any facts indicating that Defendants prevented him from meeting the filing deadline after he became aware of the dismissal order.  In short, Plaintiff has not alleged any plausible connection between Defendants' conduct and the injury to his court proceedings.  Thus, he does not state an access-to-courts claim.

### B.  Due Process

Plaintiff also claims that he was deprived of due process when Defendant Zaborowski arbitrarily charged him with a misconduct for possession of funds from an unauthorized source, Defendant Snow found him guilty of the charge (resulting in a sanction of 20 days of loss of privileges), and Defendant Pratt upheld the conviction.

A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *See Sandin v. Conner*, 515 U.S. 472, 486-87 (1995).  Plaintiff does not allege that the misconduct conviction, which was reversed by the warden, will inevitably affect the duration of his sentence.  Instead, he claims that he was deprived of liberty because he was sanctioned with 20 days of loss of privileges.  Twenty days of lost privileges is not an atypical and significant hardship.  *See Ingram v. Jewel*, 94 F. App'x 271, 273 (6th Cir. 2004) (fourteen-day loss of privileges did not impose an atypical, significant deprivation); *see also Wolff v. McDonnell*, 418 U.S. 539, 571 n.19 (1974 ) ("We do not suggest . . . that the procedures required by today's decision for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges.").  Consequently, Plaintiff has not alleged a deprivation of a protected

interest. "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Accordingly, Plaintiff fails to state a due process claim.

### C. Eighth Amendment

Next, Plaintiff claims that the misconduct charges, conviction and sanction constituted cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th

Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Plaintiff does not allege that the loss-of-privileges sanction deprived him of the "minimum civilized measure of life's necessities" or subjected him to a risk of harm. Thus, he does not state an Eighth Amendment claim.

### D. Retaliation

Finally, Plaintiff claims that Defendant Snow retaliated against him by charging him with insolence for writing a letter to the warden. Upon review, the Court concludes that Plaintiff's allegations are adequate to state a retaliation claim against Defendant Snow. All other claims and Defendants will be dismissed for failure to state a claim.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Pratt, Yoak and Zaborowski, as well as Plaintiff's due process claim under the Fourteenth Amendment and his claim under the Eighth Amendment, will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Snow, solely with respect to the retaliation claim.

An Order consistent with this Opinion will be entered.


Dated:   December 1, 2014              /s/ Janet T. Neff
                                       Janet T. Neff
                                       United States District Judge