UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK DIXON #158463,

    Plaintiff,                                      Hon. Janet T. Neff

v.                                                 Case No. 1:14-cv-991

DAVID PRATT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on <u>Defendant's Motion for Summary Judgment</u>. (ECF No. 22). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this action **terminated**.

## BACKGROUND

        Plaintiff, a prisoner with the Michigan Department of Corrections, initiated this action on September 22, 2014, against four individuals: (1) Unknown Yoak; (2) David Pratt; (3) L. Snow; and (4) Unknown Zaborowski. Plaintiff asserted various claims in his complaint, but all Plaintiff's claims, save one, were dismissed on screening. (ECF N0. 5-6). The only claim remaining in this matter is Plaintiff's claim that Defendant Snow retaliated against him by charging him with insolence for writing a letter to the warden. Defendant Snow now moves for summary judgment as to this claim.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d

at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

On November 20, 2013, Plaintiff was charged with a misconduct violation for "possession of money" based upon a determination that Plaintiff had received deposits into his prisoner account from an unauthorized source. (ECF No. 23-4 at PageID.102). Plaintiff was found guilty of this violation following a hearing. (ECF No. 23-5 at PageID.104). Plaintiff appealed this determination on the ground that Defendant Snow had, in fact, dismissed the charge during the misconduct hearing. (ECF No. 23-6 at PageID.106).

Plaintiff also authored a letter to the warden in which he accused Defendant Snow of violating his civil rights and engaging in corruption and racial hatred. (ECF No. 23-8 at PageID.110). Plaintiff also accused Snow of participating in a conspiracy to omit evidence of Plaintiff's innocence, counterfeiting documents, and falsifying his hearing findings. (ECF No. 23-8 at PageID.110). Plaintiff further alleged that Snow "has a history of violating Blacks Civil Rights, as well as abusing his

discretion as a Hearing Officer." (ECF No. 23-8 at PageID.110). The following day, Defendant Snow charged Plaintiff with Insolence based on the accusations Plaintiff made in his letter to the warden. (ECF No. 23-9 at PageID.112).

Plaintiff alleges that Defendant Snow issued this misconduct charge in retaliation for Plaintiff having exercised his right to complain to the warden. Plaintiff's letter to the warden appears to qualify as protected conduct and there clearly exists a causal connection between Plaintiff's protected conduct and Defendant Snow's act of charging Plaintiff with insolence. Plaintiff's retaliation claim fails at step two of the analysis, however, because Plaintiff did not suffer any adverse action.

Plaintiff acknowledged in his deposition that the misconduct charge for Insolence was immediately rescinded before any action could be taken on the matter. (ECF No. 23-2 at PageID.96-97). Plaintiff was neither disciplined nor faced a hearing or investigation regarding the matter. (ECF No. 23-2 at PageID.96-97). It is well accepted that where a disciplinary charge is withdrawn before any action is taken such does not constitute adverse action sufficient to maintain a charge of retaliation. *See, e.g., Barry v. Norris*, 2008 WL 4442521 at *6 (W.D. Tenn., Sept. 25, 2008) ("[t]he filing of a disciplinary write up for a minor infraction, which was withdrawn before any action was taken on it, is a *de minimis* action that does not rise to the level of an adverse action sufficient to deter a person of ordinary firmness from continuing to engage in protected conduct"); *Brightwell v. Lehman*, 637 F.3d 187, 194 (3rd Cir. 2011) ("a 'misconduct'. . .that was dismissed - does not rise to the level of 'adverse action' because it would not be 'sufficient to deter a person of ordinary firmness from exercising his First Amendment rights'"); *Pope v. Bernard*, 2011 WL 478055 at *2 (1st Cir., Feb. 10, 2011) ("the courts have held that even the filing of a single, later-dismissed disciplinary charge against an inmate, even if taken with a retaliatory motive, is *insufficient* to qualify as *more* than *de minimis*").

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (ECF No. 22), be **granted** and this action **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 17, 2016

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge