UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FREDERICK LAMAR DIXON,

    Plaintiff,                                           Case No. 1:14-cv-991

v                                                  HON. JANET T. NEFF

DAVID PRATT, et al.,

    Defendants.
_____/


**OPINION AND ORDER**

       This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983, alleging a retaliation claim. Defendant Snow, the remaining Defendant in this action, filed a motion for summary judgment, arguing that Plaintiff did not sustain an adverse action. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending Defendant's motion be granted. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

       Plaintiff argues that the Magistrate Judge is "incorrect when [s]he allege's [sic] Dixon acknowledged in his deposition that the insolence misconduct was immediately re[s]cinded" (Pl. Obj., Dkt 27 at PageID.192).

Plaintiff's argument is meritless. Plaintiff's objection fails because the premise is inaccurate. Plaintiff stated during his deposition that the insolence misconduct was immediately rescinded. (Dkt 23-2 at PageID.96-97). Plaintiff stated, "He wrote me a ticket for writing the warden and all this, and he came back and told me, don't worry about it, and they pulled the ticket. They had the ticket pulled" (*id.*). Plaintiff also stated the ticket was pulled "the next day" (*id.* at PageID.97). The Magistrate Judge properly concluded that the insolence misconduct was immediately rescinded.

Plaintiff also argues that the existence of an insolence misconduct, even if immediately rescinded, is "capable of deterring a person of ordinary firmness from exercising a constitutional right" (Pl. Obj., Dkt 27 at PageID.192). Plaintiff states that an insolence misconduct "could arguable [sic] deter someone from filing a grievance in the future" or "could have resulted in serious consequences" and that "consequences can flow from erroneous charges" (*id.* at PageID.193). Plaintiff describes *possible* consequences as "loss of disciplinary credit, adverse parole decision, and increase in custody" (*id.*).

Plaintiff's argument is misguided. The adverseness inquiry is determined by an objective standard. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002). Plaintiff identifies no consequences that have befallen him as a result of the rescinded insolence misconduct. And nothing in the record supports the conclusion that Plaintiff is deterred from exercising his constitutional right. Plaintiff's objection to the Magistrate Judge's deterrence analysis is without merit.

Last, Plaintiff argues Defendant's "accumulative behavior and actions . . . are in no way *de minimis*" (Pl. Obj., Dkt 27 at PageID.193). Plaintiff states the 20-day loss of privilege is connected to the insolence misconduct and not *de minimus* (*id.* at PageID.194).

Plaintiff's argument is meritless. Plaintiff's objection fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. It is well accepted that if a disciplinary action is withdrawn before any consequence befalls a plaintiff, the disciplinary action is *de minimus*. *Brightwell v. Lehman*, 637 F.3d 197, 194 (3d Cir. 2011); *Pope v. Bernard*, 2011 WL 478055, at *2 (1st Cir., Feb. 10, 2011); *Barry v. Norris*, 2008 WL 4442521, at *6 (W.D. Tenn., Sept. 25, 2008). *De minimus* actions do not rise to the level of adverse action such that a person of ordinary firmness would be deterred from exercising a constitutional right. *Brightwell*, 637 F.3d at 194. The Magistrate Judge properly concluded that the immediately rescinded insolence misconduct was *de minimus*.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 27) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 26) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Snow's Motion for Summary Judgment (Dkt 22) is GRANTED.

3

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.

Dated: January 18, 2017                    /s/ Janet T. Neff
                                            JANET T. NEFF
                                            United States District Judge